IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME ANTHONY THEUS,                                OPINION and ORDER

        Plaintiff,                                          15-cv-687-bbc

    v.

DANE COUNTY SHERIFF DAVE MAHONEY
and DANE COUNTY JAIL NURSE MELISSA,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jerome Anthony Theus, a prisoner at Dane County Jail, has filed a complaint alleging that Dane County Sheriff Dave Mahoney and a Dane County jail nurse failed to provide him adequate medical attention. Plaintiff has made the initial partial payment of the filing fee required by 28 U.S.C. § 1915(b)(1) and his complaint is ready for screening pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's complaint, I conclude that he has failed to provide sufficient detail to satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8. Accordingly, I will dismiss plaintiff's complaint without prejudice. However, plaintiff will be given an opportunity to amend his complaint to include additional details related to defendants' alleged failure to provide him medical care.

OPINION

Plaintiff's complaint fails to set forth a "short and plain statement of [his] claim

1

showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a).  First, plaintiff says he was "throwing up blood," could not "hold down any food or drinks" and was "weak."  However, plaintiff does not identify when or where he experienced these problems.  Rule 8 requires that plaintiff provide the people he is suing "fair notice of what [his] claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (7th Cir. 2008) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).)  This at least requires that plaintiff identify the time period at issue and when these medical problems occurred so that the people he is suing know what plaintiff claims they did wrong.  If plaintiff chooses to file an amended complaint, it should identify as specifically as possible when and where he experienced the symptoms or medical problems he is describing in his complaint.

Second, to state a claim under the Eighth Amendment, plaintiff must allege that specific individuals personally knew about his medical problems and consciously refused to provide him appropriate treatment. Vance v. Peters, 97 F.3d 987, 991-92 (7th Cir. 1996). It is not enough for plaintiff to allege that a defendant is "in charge of the jail," which is all that plaintiff alleges with respect to defendant Mahoney. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution.") (internal citation omitted).  If plaintiff files an amended complaint, he must identify what each defendant did to violate his rights under the standard described above.  In particular, plaintiff must explain how each defendant knew he had the medical problems or symptoms he describes in his complaint.  It is not enough for plaintiff

2

to simply say defendants knew about his medical problems; he must explain *how* they knew.

Third, with respect to each individual that plaintiff contends had personal knowledge of his medical problems, plaintiff should explain whether any of these individuals took steps to provide him treatment. If these individuals did provide plaintiff with treatment, plaintiff must explain what this treatment was, why it was inappropriate and what they should have done differently. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997)("[T]he Constitution is not a medical code that mandates specific medical treatment.").

Fourth, plaintiff should explain what harms he suffered as a result of defendants' alleged failure to provide him the type of medical treatment he believes he should have received. For example, plaintiff should explain how he was injured or harmed by the medication he received. Similarly, if plaintiff is alleging that defendants failed to provide him any medical treatment for his symptoms or medical problems, he should identify what harms or injury he suffered due to their failure to provide treatment. Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997) ("Section 1983 is a tort statute which means that the defendant must breach a duty owed to the plaintiff, *who must suffer cognizable legal harm*.") (emphasis added) (internal citation omitted).

Finally, if plaintiff chooses to file an amended complaint, it should completely replace the complaint that is currently before the court. That is, plaintiff should start over and draft an entirely new complaint that contains the types of allegations described above as well as any other allegations that plaintiff believes support his claim. Plaintiff should not simply "supplement" his complaint with additional allegations. The court cannot screen, and

defendants cannot respond to, a "complaint" that is based on allegations strewn across various documents in the record. Plaintiff's recent letter to the court's clerk in which he says that he has "got more Defendants" and then lists various health care professionals, such as "Nurse Mike" and "The Doctor in Dane County Jail in 2011" is a good example of what plaintiff should *not* do in this case. Instead, plaintiff should include all of his defendants and all of his allegations in one document—his amended complaint, if he chooses to file one.

ORDER

IT IS ORDERED that plaintiff Jerome Theus's complaint, dkt. #1, is DISMISSED WITHOUT PREJUDICE for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until January 27, 2016 to file an amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. If plaintiff fails to file an amended complaint by that date, his case will be dismissed for failing to state a claim upon which relief may be granted and the clerk's office will record a strike against plaintiff in accordance with 28 U.S.C. § 1915(g).

Entered this 11th day of January, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge